UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICKY JEROME SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:13-cv-087-WTL-WGH |
| | ) | |
| USP TERRE HAUTE | ) | |
| CLINICAL DIRECTOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Proceed *In Forma Pauperis,*
Dismissing Insufficient Claims, and Directing Further Proceedings**

**I.**

The motion to proceed *in forma pauperis* [Dkt. No. 5] is **granted**. The assessment of even a partial filing fee is not feasible at this time.

**II.**

**A.**

The plaintiff, Ricky Jerome Smith, is a federal prisoner confined at the USP Terre Haute. He alleges he has been on a hunger strike since approximately February 5, 2013. He sues a number of defendants, not by name but by title. He sues the Compound Warden, Complex Warden, USP Terre Haute Clinical Director, the Health Services Administrator, the Associate Warden of Health Services, unnamed nurses, an unnamed physician assistant, "the SHU medical staff," a SHU Lieutenant, and a USP Captain. He alleges that his First, Sixth, Eighth and Fourteenth Amendment rights have been violated during the period of time that he has been on a hunger strike. He seeks compensatory and punitive damages and injunctive relief.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b).

*Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show

that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

"Relief from misconduct by federal agents may be obtained either by a suit against the

agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,*

403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act

[FTCA] . . . which permits claims based upon misconduct which is tortious under state law.  28

U.S.C. '' 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Smith's

claims are brought pursuant to *Bivens.*

Certain claims must be dismissed consistent with the following:

Plaintiff alleges that he is exercising his First Amendment right to protest (what he

protests is left unstated). The court has found no authority for the proposition that the First

Amendment protects prisoner hunger strikes. Indeed, the Seventh Circuit has stated that a

"prison cannot be forced by such tactics to change an otherwise reasonable rule, but at some

point it may have to force-feed the prisoner to prevent him from seriously endangering his

health." *Freeman v. Berge*, 441 F.3d 543, 546 (7th Cir. 2006). A prison cannot allow a prisoner

to starve himself to the point which seriously impairs his health. *Id.* Here, plaintiff has not

alleged that any prison official has interfered with his choice to conduct a hunger strike. Any

First Amendment claim is **dismissed** for failure to state a claim upon which relief can be granted.

As to the Sixth Amendment claim, the complaint fails to state a claim upon which relief

can be granted. "[T]here is no Sixth Amendment right to effective assistance of counsel in a civil

action." *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). The Sixth Amendment provides

the right to effective assistance of counsel in criminal cases and has no bearing on the plaintiff's allegations. Any Sixth Amendment claim is **dismissed.**

Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). The Eighth Amendment to the Constitution imposes a duty on prison officials to provide medical care to inmates. *See Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). Although the complaint refers to the Fourteenth Amendment, no factual allegations invoke a separate due process claim pursuant to that provision of the Constitution. Therefore, any Fourteenth Amendment claim is **dismissed** for failure to state a claim upon which relief can be granted.[1]

The inclusion of unknown or unidentified individuals as defendants is often problematic because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. The claims against unknown defendants are **dismissed without prejudice.** The plaintiff may seek to substitute the unnamed defendants if through discovery he is able to identify the name of the defendants.

No partial final judgment shall issue as to the claims dismissed in this Entry.

---

[1] The court acknowledges that the cruel and unusual punishments clause of the Eighth Amendment is made applicable to state action by interpretation of the due process clause of the Fourteenth Amendment. *See Withers v. Wexford Health Sources, Inc.,* 710 F.3d 688 (7th Cir. 2013); *Harper v. Albert,* 400 F.3d 1052, 1065 (7th Cir. 2005).

## B.

Aside from the question of whether a prisoner has an enforceable right to judicially-mandated adherence to a prison policy such as the BOP's Hunger Strike Policy, if the plaintiff does not receive "nutritionally adequate food" for an extended period, such deprivation may constitute an Eighth Amendment violation. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). For the time being, the Eighth Amendment claims shall proceed against the USP Terre Haute Warden and the USP Terre Haute Clinical Director.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to the USP Terre Haute Warden and the USP Terre Haute Clinical Director. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed on March 8, 2013, and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

## III.

Plaintiff's motion for preliminary injunction alleges that he has missed over 80 meals during a 29 day period and has been refused proper medical treatment. He alleges that he is facing death or permanent damage if immediate action is not taken.

Plaintiff seeks an order directing the defendants to offer him protein nutritional drink supplements, provide IV liquids, conduct a video recorded vital sign checkup, conduct urine and blood tests, and to isolate plaintiff from other inmates, all consistent with the BOP Hunger Strike

Policy. He further requests an order that he be hospitalized for emergency care due to his lack of medical treatment. He alleges that the meal logs have been fabricated to show that he has not missed more than 5 consecutive meals, when in fact he has missed over 80 meals.

The Warden and the Clinical Director shall have **thirty (30) days** from the date they appear in the action in which to file a single response to the motion for preliminary injunction.

**IT IS  SO ORDERED.**

Date:  04/30/2013 _____

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ricky Jerome Smith
#50044-056
Terre Haute FCI
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

Office of the United States Attorney
10 West Market Street    Suite 2100
Indianapolis, IN   46204-3048