UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICKY JEROME SMITH,                )<br>            Plaintiff,            )<br>v.                                  )     Case No. 2:13-cv-087-WTL-WGH<br>                                    )<br>USP TERRE HAUTE WARDEN and          )<br>CLINICAL DIRECTOR,                  )<br>                                    )<br>            Defendants.             ) | |

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. no. 23] must be **granted.**

## I.  Background

The plaintiff in this civil rights action is Ricky Jerome Smith ("Smith"), an inmate at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). The defendants are the USP-TH Warden and the Clinical Director.[1] Smith seeks compensatory and punitive damages and injunctive relief.

Smith alleges that he has been denied nutritionally adequate food for an extended period of time, he missed over 80 meals during a 29 day period starting around February 5, 2013, and he has been denied proper medical treatment.

The defendants seek resolution of Smith's claims through the entry of summary judgment on the basis that Smith failed to exhaust his available administrative remedies. Smith has not opposed the motion for summary judgment.

---

[1] Claims against all other defendants were dismissed in the Entry of April 30, 2013.

## II.  Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

As noted, Smith has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## III.  Discussion

### A.     Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Smith as the non-moving party, the following facts are undisputed for purposes of the motion for summary judgment:

The Bureau of Prisons ("BOP") has an administrative remedy procedure that is codified in 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. Inmates are required to use this procedure before filing a law suit.

The administrative remedy procedure is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10, *et seq*. An inmate must first file an informal remedy request through an appropriate institution staff member (BP-8). If not satisfied with the informal remedy response, the inmate is required to address his complaint to the Warden by filing a BP-9. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director by filing a BP-10. 28 C.F.R. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel by filing a BP-11. *Id.* Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all three levels, the inmate's administrative remedies are deemed to be exhausted as to the specific issue raised.

This lawsuit was filed on March 8, 2013. A review of administrative remedy filings at the USP-TH reflects that Smith filed eight (8) administrative remedies between February 11, 2013, and July 18, 2013, three (3) of which involved medical or diet issues.[2] No grievance was filed, concerning diet, food, or medical issues, however, before this lawsuit was filed.

---

[2] On April 16, 2013, Smith filed an administrative remedy regarding medical issues. He actually filed two remedies but the second was voided because it was identical to the first. The remedy was rejected because Smith was attempting to raise more than one issue on a single BP-9. Smith was instructed to file a separate appeal for each issue and was told he could resubmit such appeals within ten (10) days of the rejection notice. Smith did not resubmit an appeal.

On April 25, 2013, Smith filed an administrative remedy relating to "Religious Diet Issues." Smith alleged he was denied a Vegan diet and the ability to purchase all-natural personal hygiene products by the Religious Services Department. The Warden closed Smith's filing on April 25, 2013, with an explanation that his religious dietary needs could be accommodated by self-selection from the main line and that it would be too expensive for the BOP to stock the commissary with only natural hygiene products. Smith submitted no other filings on this issue.

On May 22, 2013, Smith filed an administrative remedy alleging "Medical Will Not Give Him IVs." The Warden closed Smith's filing on May 25, 2013, noting that Smith had sporadically refused and accepted meals since arriving at USP-TH declaring a hunger strike in February 2013, that he had been regularly examined by medical staff, and that his declared

### B. Analysis

Although the defendants argue that they are entitled to summary judgment on the merits as well as because Smith failed to exhaust his administrative remedies, the Court must consider the issue of exhaustion before reaching the merits. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

As noted, this action was filed on March 8, 2013. Attached to the complaint is a Federal Correctional Complex, Terre Haute, Indiana Informal Resolution Form, dated March 6, 2013, on which Smith alleges that he was bringing a malpractice complaint against health service staff in

---

hunger strike had not required hydration or nutritional intervention. Smith submitted no other filings on this issue.

relation to his hunger strike protest. Although this document is not authenticated, if appears at most to reflect that an informal resolution was attempted but the three step process was not completed.

The record further demonstrates that other grievances were filed by Smith concerning his health or diet, but none were filed before the lawsuit was commenced. Of those grievances, moreover, none were appealed through all of the steps of the BOP administrative process.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Smith's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Id.* at 397; *see also Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").[3]

### IV. Conclusion

For the reasons explained above, the defendants' motion for summary judgment on the basis that Smith failed to exhaust his administrate remedies prior to filing this lawsuit [dkt. no. 23] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: \_\_10/28/2013_____

---

[3] With respect to Smith's request for preliminary injunctive relief, the undisputed record shows that Smith's hunger strike ended on or about May 28, 2013, because he had been eating regularly. Thus, Smith has failed to make a clear showing that he will face immediate future injury if an injunction is not issued.

Distribution:

Ricky Jerome Smith
#50044-056
Terre Haute FCI
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808

All electronically registered counsel